**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.C.-E., B.C.-E., and K.C.-E.**

**No. 22-0184** (Summers County 21-JA-16, 21-JA-17, and 21-JA-18)

**MEMORANDUM DECISION**

Petitioner Father K.E.[1] appeals the Circuit Court of Summers County's February 9, 2022, order terminating his parental rights to A.C.-E., B.C.-E., and K.C.-E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In April of 2021, the Department of Health and Human Resources ("DHHR") filed a petition alleging that petitioner was a noncustodial parent of the children, had failed to contact the children in approximately five years, and had failed to financially support the children. The DHHR further alleged that the children were in the care of their mother and her boyfriend, who both abused controlled substances to the extent that their parenting ability was significantly impaired. Petitioner stipulated to the allegations in the petition in October of 2021, and the circuit court adjudicated him as an abusing parent. Petitioner was later granted an improvement period.

In February of 2022, the circuit court held the final dispositional hearing. Petitioner did not appear, but counsel represented him. Based on the evidence presented by the DHHR, the court found that petitioner "had absolutely no meaningful participation in th[e] case." The circuit court further found that petitioner had not had any communication with his attorney, the DHHR, or meaningful visitation with the children. The court determined that petitioner had intentionally not participated in services offered by the DHHR and had abandoned the children. Finally, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for

---

[1]Petitioner appears by counsel Christopher D. Lefler. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Brittney N. Ryers-Hindbaugh. Amy L. Mann appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

the children's welfare. The circuit court terminated petitioner's parental rights by its February 9, 2022, order, which petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in finding he did not adequately participate in his improvement period, in concluding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected, and in finding that termination of his parental rights was in the children's best interests. We disagree. Contrary to petitioner's unsupported assertion that "he did make an effort to address the issues and improve his relationship with his children," the court found that he had "absolutely no meaningful participation" in the case. The evidence showed that petitioner missed scheduled evaluations and did not maintain regular contact with the DHHR; his attorney; or most importantly, his children. Petitioner argues that the termination of his parental rights was "premature," but fails to recognize that the circuit court was not required to speculate his parental improvement or, in this case, his participation in the proceedings. *See Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 (holding that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened").

The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse based upon his nonparticipation in the terms of his improvement period and his abandonment of the children. *See* W. Va. Code § 49-4-604(d)(3) & (4) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "not responded or followed through with a reasonable family case plan" or "ha[s] abandoned the child"). These findings, which are fully substantiated by the record, support the circuit court's order. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon such findings). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 9, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

---

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption.

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn